IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| CHRISTOPHER C. GRAY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:21-cv-00186-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Christopher Gray, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because he could perform other jobs - that exist in significant numbers in the national economy - despite his impairments.  (Tr. 10-20.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is relatively young - only forty-one years old. (Tr. 34.) He testified he is a high school graduate. (Tr. 35.) He has past relevant work as a video clerk, nursing home cleaner, short order clerk, utility assembler, and production line worker. (Tr. 18.)

The ALJ[1] found Mr. Gray met the disability eligibility requirements to apply for disability

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

insurance benefits and has not engaged in substantial gainful activity since January 6, 2014 – the alleged onset date. (Tr. 13.) He has "severe" impairments in the form of "degenerative disc disease of the cervical and lumbar spine, bursitis of the hips and shoulders, cataplexy with narcolepsy, idiopathic hypersomnolence, epilepsy, migraines, adjustment disorder, and personality disorder." (*Id*.) The ALJ further found Mr. Gray did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-15.)

The ALJ determined Mr. Gray has the residual functional capacity (RFC) to perform a reduced range of light work given his physical and mental impairments. (Tr. 15.) Specifically, the ALJ found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to temperature extremes, noise (i.e. no jobs with a noise rating of higher than 3/moderate per the Dictionary of Occupational Titles (DOT)), vibration, fumes, odors, dusts, gasses, and poor ventilation. The claimant must avoid all exposure to hazards including no driving as part of work. The claimant can further perform work where interpersonal contact is routine but superficial. The claimant can perform work where the complexity of tasks is learned by experience, with several variables and use of judgment within limits. He requires little supervision for routine tasks but detailed supervision for non-routine tasks.

(*Id.*)

The ALJ utilized the services of a vocational expert to determine what jobs, if any, Plaintiff could perform given his RFC. Based in part on the testimony of the vocational expert, (Tr. 57-62), the ALJ determined he could perform the jobs of mail room clerk, merchandise marker, and photocopy machine operator. (Tr. 19.) Accordingly, the ALJ determined Mr. Gray was not

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

disabled. (Tr. 19-20.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-9.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff argues the ALJ failed to properly consider the medical evidence and erred at step five of the sequential evaluation process. (Doc. No. 13 at 5-9.) With regard to consideration of the medical evidence, Plaintiff believes – since the state agency doctors do not state they considered the opinion of Duane C. Herring, M.D. - the ALJ's decision reveals a reversible conflict given his finding that all of these doctors' opinions were "persuasive."

Dr. Herring stated, "[Plaintiff] is under evaluation for a sleep disorder which has previously been labeled idiopathic hypersomnolence, which can cause him to be excessively drowsy and fall asleep at random. He should not drive, operate hazardous machinery, or work in hazardous environments until further evaluation and therapy can be completed." (Tr. 1017.) Plaintiff argues "Claimant argues that no job could be performed if a person is subject to fall asleep at random on the job, and be excessively sleepy during a workday (T 1017). This will greatly impact – if not outright eliminate - Claimant's ability to work within acceptable parameters for competitive work." (Doc. No. 13 at 6.)

After careful review of the evidence of record, I conclude Plaintiff overstates the impact of Dr. Herring's opinion. Dr. Herring does not conclude that Plaintiff is precluded from working. Instead, he merely states Plaintiff "should not drive, operate hazardous machinery, or work in hazardous environments . . . ." (Tr. 1017.) The ALJ fairly accounted for Dr. Herring's opinion when he found "The claimant must avoid all exposure to hazards including no driving as part of work." (Tr. 15.) Furthermore, it is of some importance that Dr. Herring's opinion is from 2016. Since that date, as the Commissioner states, Plaintiff underwent further evaluation by Madhu

4

Kalyan, M.D.  On January 23, 2020, Plaintiff underwent wakefulness testing.  (Tr. 1874-1903.)  Dr. Kalyan's impression was noted as, "This maintenance of wakefulness testing showed mean sleep latency to sleep was 12.5 minutes and is of uncertain significance and should be correlated clinically."  (Tr. 1874.)  The medical records from Plaintiff's two-month follow-up visit with Dr. Kalyan state that Mr. Gray likely has narcolepsy.  (Tr. 1907.)  He was prescribed medication and suggested a follow-up sleep study, but Dr. Kalyan did not impose any restrictions.  (Tr. 1907-1908.)  I find no error here.

I also find no error with regard to the state agency doctors' opinions.  The ALJ found Dr. Herring's opinion persuasive and adjusted the RFC according to his opinion.  The RFC accounts for Dr. Herring's concerns so there is no error here.

Given my findings, Plaintiff might think the door is open to argue that the ALJ failed to develop the record with regard to the full impact of the findings of Drs. Herring and Kalyan.  Admittedly Dr. Kalyan's opinions leave open some question as to the etiology of Plaintiff's sleep issues.  However, Mr. Gray is reminded he had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  Plaintiff has simply not met his burden and the ALJ's decision is supported by substantial evidence.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  I simply find no reversible error here.

      The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a limited range of light work.  In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.

      There is ample evidence to support the Commissioner's decision.  I recognize there is also evidence to support Plaintiff's claims.  Yet the overall evidence supports the ALJ's conclusion that he was not disabled.

      Plaintiff has advanced other arguments - including the ALJ erred at step five - which I find are without merit.  Mr. Gray's counsel has done an admirable job advocating for his rights.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

      I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE